IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ENIL D. MENDEZ et al**, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. 1:22-00853-JMC |
| **GENERAL MOTORS, LLC et al**, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiffs Enil Donaire Mendez, Juan Carlos Ramirez Ramirez, Karen Ramirez, and Juan Carlos Ramirez Ramirez as personal representative of the estates of Jonathan Josue Melendez Ramirez and Maria Concepcion Ramirez Alvarenga brought this products liability case in the Circuit Court for Baltimore City against Defendant General Motors LLC, Defendant General Motors, Inc., and Defendant General Motors Corporation (collectively "Defendants" or "General Motors") seeking damages for injuries sustained from an alleged malfunction in a General Motors car. (ECF No. 5). Defendants subsequently removed the case to this Court in accordance with diversity jurisdiction. (ECF No. 1). Presently before the Court is Plaintiffs' Motion to Remand the case back to state court (ECF No. 20), to which Defendants responded in opposition (ECF No. 26). The Court has considered the filings and no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons explained below, Plaintiffs' Motion to Remand (ECF No. 20) is DENIED.

I.  **BACKGROUND**

On or about January 11, 2019, Plaintiffs were involved in an automobile accident allegedly stemming from the malfunction of the General Motors vehicle in which they were riding. (ECF

No. 5). On or about January 6, 2022, Plaintiffs filed a complaint against General Motors[1] in the Circuit Court for Baltimore City. (ECF No. 1, Ex. 2). On or about January 10, 2022, all of the Plaintiffs except Mendez filed a cross-claim against him raising as a contingency an alternative theory that Mendez's negligent driving caused the accident. (ECF No. 20, Ex. 1). As factual support for their cross-claim, the cross-claiming Plaintiffs allege as follows:

> *That Plaintiffs believe that the General Motors Defendants are solely and completely at fault for the injuries, damages and wrongful deaths suffered by the Cross-Plaintiffs without any fault by Plaintiff/Cross-Defendant Enil Mendez contributing thereto;*
>
> *Notwithstanding the above facts and matters, and in the event this Honorable Court, Judge and/or Jury were to determine that Plaintiff/Cross-Defendant Enil Mendez was somehow at fault, either solely or partially, for the incidents of this case, in respects not presently known to the Cross-Plaintiffs, this Cross-Claim is asserted against the Cross-Defendant Enil Mendez.*

(ECF No. 20, Ex. 1 at ¶¶14-15). With that disclaimer, the Cross-claimants then contingently allege negligent driving by Mendez. *Id*. at ¶16.

General Motors timely removed this case pursuant to 28 U.S.C. § 1441(a) based on diversity jurisdiction conferred by 28 U.S.C. § 1332. (ECF No. 1). Although they do not contest that the complete diversity and jurisdictional amount requirements of § 1332 are met, all Plaintiffs have nonetheless moved to remand based on General Motors' alleged failure to comply with 28 U.S.C. § 1446(b)(2)(A) that outlines the logistical procedure for removal and requires that "all defendants who have been properly joined and served must joint in or consent to the removal of the action." (ECF No. 20 at 6-7). Specifically, Plaintiffs argue that the removal was done without the consent of Mendez who, though a named Plaintiff, is now also the subject of a cross-claim by

---

[1] Plaintiffs originally included three General Motors entities, however two of those no longer exist, were never served, and are the subject of a show-cause order as to why they should not be dismissed from this action (to which Plaintiffs have not responded). (ECF No. 32).

his fellow Plaintiffs, thereby rendering him a "defendant" for removal purposes whose consent must be obtained prior to removal by General Motors, but was not. *Id*.

For its part, General Motors argues that Mendez's status as a Plaintiff/Cross-Defendant does not convert him to a "defendant" for purposes of diversity or for removal whose consent must be obtained. (ECF No. 26 at 3-5). As set forth more fully below, the Court agrees with General Motors.

## II. ANALYSIS

Prior to addressing the consent issue raised the parties, the Court first confirms that valid diversity jurisdiction is present. First, at the time suit was originally filed, there is no dispute that all Plaintiffs and General Motors were diverse. Generally, the addition of subsequent claims and parties does not destroy diversity. *See Freeport-McMoRun, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991) (holding that later addition of nondiverse plaintiff did not destroy diversity jurisdiction if it was present when action was commenced). This is not to suggest that courts are mechanically bound to the alignment of the action determined by the parties; courts instead must assess that alignment in light of the "principal purpose" or "primary issue" of the suit to ensure valid subject matter jurisdiction exists. *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 72 (1965).

In this District and the Fourth Circuit, the "primary purpose" test demands that this Court first determine the primary issue in dispute, and then determine if a real dispute as to this issue exists between opposing parties. *See, e.g., USF&G v. A&S Mfg. Co., Inc.*, 839 F. Supp. 347, 349-351 (D. Md. 1993), *aff'd*, 38 F.3d 131 (4th Cir. 1995). In making this assessment, "Courts do not generally look to counterclaims and cross-claims to determine the primary issues of a dispute… ." *Id*. (citing *Zurn Industries, Inc. v. Acton Constr. Co.*, 847 F.2d 234, 237 (5th Cir. 1988)). *Zurn* is instructive. Initially, Zurn sued three defendants of diverse jurisdiction. Those defendants, in turn,

asserted various counterclaims and cross-claims, some of which were between non-diverse parties. *Zurn*, 847 F.2d 234. Nonetheless, the Court held that diversity was not destroyed--*i.e.*, that a party's subsequent status as a counterclaim or cross-claim plaintiff or defendant was not relevant for determining diversity jurisdiction. *Id*. at 237-38.

Similarly, in *Barber v Am. Family Home Ins. Co.*, 2012 WL 1319474 (D.S.C. April 17, 2012), defendants originally removed the case based on complete diversity. Defendant then filed a counterclaim against one of the plaintiffs. *Id*. at *2. The other plaintiff brought her own cross-claim against the defendant and moved for remand, arguing that her co-plaintiff was now a "defendant" by virtue of the original defendant's counterclaim. *Id*. The District Judge disagreed, finding that the co-plaintiff/counterclaim defendant was not a defendant who could destroy diversity. *Id*. Finally, in *Citrano v. John Crane-Houdaille, Inc.*, 2015 WL 4548633 *2 (D. Md. July 27, 2015), Judge Quarles of this Court reiterated that a cross-claim (there, a defendant's) should be disregarded for diversity purposes.

In the present case, the primary issue is whether the vehicle in which the Plaintiffs were riding contained a product defect that caused the accident. Even in their cross-claim, the cross-claiming Plaintiffs reiterate their belief that the *sole* cause of the accident was the alleged product defect AND that there was no fault on the part of Mendez. (ECF No. 20, Ex. 1 at ¶¶15-16). The cross-claim is articulated as a mere contingency in the event that the court or jury (presumably on evidence adduced by General Motors) determined that Mendez was full or partially at fault "in respects not presently known to the Cross-Plaintiffs." *Id*. at ¶ 15. Thus, no realignment of the parties is necessary and diversity jurisdiction is preserved.[2]

---

[2] Moreover, 28 U.S.C. 1367(a) provides supplemental jurisdiction over Plaintiffs' cross-claim against Mendez as they arise from the same occurrence and are intimately related to the underlying claims against General Motors.

Having determined that the addition of a cross-claim against Plaintiff Mendez does not render him a "defendant" for diversity purposes so as to destroy complete diversity, he is similarly not rendered a "defendant" for purposes of applying § 1446(b)(2)(A). First, Plaintiffs cite no authority for such proposition. Second, it would be illogical to hold that a plaintiff/cross-defendant cannot destroy diversity under § 1332 but nonetheless must consent to removal under § 1446(b)(2)(A). Finally, the Fourth Circuit has answered this question in a nearly analogous situation. In *Palisades Collections LLC v. Short*, 552 F.3d 327 (4th Cir. 2008), defendant brought a counterclaim against the original plaintiff but also added a new counter-defendant to the suit who, in turn argued for removal pursuant to § 1441(a). The Fourth Circuit, noting that "defendant" for purposes of removal must be strictly construed in accordance with Supreme Court precedent set forth in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) and followed for 50 years, held that "defendant" or "defendants" for purpose of removal must be interpreted narrowly and therefore must be limited to those parties against whom the original plaintiff asserts claims. *Id*. at 332-333; *see also Bailey v. Markham*, No. CIV 19-0519 JB\GBW, 2020 WL 1324477 * 16 (D.N.M. March 20, 2020) ("Only true defendants have removal rights; plaintiffs defending counterclaims and third-party defendants may not remove an action, and their consent is not required for removal if all the true defendants consent.").

Because General Motors did not invoke federal question jurisdiction, the Court will not address Plaintiffs' arguments regarding same. Similarly, the Court rejects Plaintiffs' assertion of "forum shopping" by General Motors (ECF No. 20 at 7 n.2), which seems to be based solely on General Motors exercising its valid removal rights, especially when such removal takes place within the same forum state where Plaintiffs originally filed suit.

## III.     CONCLUSION

Accordingly, it is this 24th day of June 2022, hereby **ORDERED** that Plaintiffs Motion for Remand (ECF No. 20) is DENIED.


June 24, 2022                                                              /s/
Date                                                                     J. Mark Coulson
                                                                        United States Magistrate Judge