**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ENIL D. MENDEZ** *et al*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. 1:22-00853-JMC |
| **GENERAL MOTORS, LLC et al**, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

In this products liability case, Plaintiffs allege that a defect in a 2005 Chevrolet Silverado truck led to an unintended acceleration that the brakes could not override, resulting in personal injuries and wrongful death. (ECF No. 5). Plaintiffs bring claims for Negligence, Breach of Warranty, Strict Liability, and Fraudulent Concealment. *Id*. at 6-12. Plaintiffs also seek punitive damages. *Id*. 12-13.

Defendant General Motors filed a Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), specifically seeking dismissal of Plaintiffs claims for Fraudulent Concealment (Count IV) and punitive damages. (ECF No. 33 at 1-2). Defendant also seeks dismissal of Plaintiffs' request "to permanently enjoin Defendants from engaging in all practices found by this Court to be in violation of the law." *Id.* Plaintiffs have filed an Opposition (ECF No. 34), and Defendant has filed a Reply. (ECF No. 39).  The Court has reviewed the briefings and finds that no hearing is required. Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Defendant's Motion is GRANTED, without prejudice, and Plaintiffs are granted leave to amend in accordance with the Court's guidance that follows.

## I.   STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In considering a motion to dismiss, the Court considers whether the "complaint ... contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must construe factual allegations in the light most favorable to the plaintiff. *See Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). Rule(12)(b)(6) is not meant to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards*, *supra* at 243-44.

That said, a court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted). Similarly inadequate are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1989). A complaint need not provide "detailed factual allegations," but it must "provide the grounds of [the plaintiff's] entitlement to relief" with "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put simply, a complaint must "raise a right to relief above the speculative level." *Id.* "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

'show[n] – 'that that pleader is entitled to relief.'" *Harris v. Dow Chemical Company*, 2020 WL 6874326 * (D. Md. Nov. 23, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed.R.Civ.P. 8(a)(2))).

Additionally, where, as here, fraud is alleged, Fed. R. Civ. P. 9(b) requires that allegations supporting that count "be stated with particularity." *Kane v. Zimmer Biomet Holdings, Inc*., 2018 WL 4005216 *3 (D. Md. Aug. 22, 2018). Rule 9(b) "does not require the elucidation of every detail of the alleged fraud, but does require more than a bare assertion that such a cause of action exists." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1074 (D. Md. 1991). To satisfy the rule, a plaintiff must "identify with some precision the date, place and time of active misrepresentations or the circumstances of active concealments." *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 509 (D. Md. 2007). As the United States Court of Appeals for the Fourth Circuit stated in *United States ex rel. Nathan v. Takeda Pharmaceuticals North America, Inc.*, the aims of Rule 9(b) are to provide notice to defendants of their alleged misconduct, prevent frivolous suits, eliminate fraud actions where all the facts are learned after discovery, and protect defendants from harm to their goodwill and reputation. 707 F.3d at 451, 456 (4th Cir. 2013) (citation omitted).

## II.   ANALYSIS

### a.   Plaintiffs' Claim for Fraudulent Concealment

In Maryland, a plaintiff seeking to recover for fraudulent concealment must show: (1) the defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment. *Doll v. Ford Motor Co.*, 814, F. Supp 2d 526, 537 (D. Md. 2011) (citing *Lloyd v. General Motors Corp.*, 916 A.2d 257, 274 (Md. 2007)).

In Count IV of their Complaint (ECF No. 5 at ¶¶ 44-51), which seeks recovery for Fraudulent Concealment, Plaintiffs rely upon the following assertions:

- During the relevant time period, Defendant knew the vehicle was defective based on such vehicles having a dangerous propensity for sudden acceleration/brake failure that could cause injury. ¶45

- Defendant fraudulently concealed/failed to disclose such defect to Plaintiffs and the public. ¶46

- Defendant had a duty to disclose and warn of the defect given its superior knowledge and that the defects were latent, but only made partial disclosures about safety and quality while not revealing the true defective nature of the vehicle. ¶47

- The facts concealed were material facts that a reasonable person would have considered important in deciding whether to purchase or drive/ride in the vehicle. ¶48

- The concealment was intentional for the purpose of inducing Plaintiffs to act, and that Plaintiffs relied on Defendant's inaction/partial disclosure to their detriment. ¶49

- Defendant did nothing to notify past purchasers or future purchasers of the defect and have otherwise taken inappropriate steps to remedy these failures. ¶50

If the Court were to confine its analysis simply to the allegations supporting County IV, it would have no trouble concluding that Plaintiffs have failed to satisfy the specificity requirements of Fed. R. Civ. P. 9(b) and the relevant caselaw interpreting same as set forth above, and that Count IV should therefore be dismissed. However, given that Count IV incorporated by reference the other allegations in the Complaint, the Court is obliged to examine those additional allegations as well.

Paragraph 16 of the Complaint alleges that General Motors "has been the subject of thousands of consumer complaints for vehicles of similar year, make and model as the subject vehicle in this case, with reported brake line failure defects, including but not limited to rusting, corrosion and deterioration which resulted in [Unintended Acceleration] or other brake system failure." (ECF No. 5 at ¶16). Plaintiffs also allege that more durable brake lines could have been used (and had been used by General Motors in the past), but General Motors instead selected cheaper alternatives "known to be inherently dangerous, have limited lifecycles, and with reasonable foreseeability are susceptible to corrosion, rust and deterioration." *Id*. at ¶17.

Paragraph 21 further alleges that a mitigating measure—so-called "smart throttle" technology that would have prevented the incident—"was known to Defendant several years prior to the year the subject vehicle at issue in this case was manufactured" and could have been incorporated but "for financial or other reasons" Defendant chose not to install such technology until the end of 2012. *Id.* at ¶21.

With these slightly more specific allegations, Plaintiffs Complaint gets closer to the particularity required by Rule 9(b), but still falls short. These allegations fail to "identify with some precision the date, place and time of active misrepresentations or the circumstances of active concealments." *Wheeler*, 492 F. Supp. 2d at 509. For example, Plaintiffs fail to allege the factual basis for their related assertions that there have been thousands of consumer complaints regarding brake lining failures or how or when Defendant was aware of them. Further, they fail to specify which, if any, allegedly resulted in unintended accelerations of the type at issue here, as opposed to "other failures" that are not otherwise described. Plaintiffs fail to outline any of the "known issues" with the alternative brake lining materials purportedly selected by General Motors, how Defendant came to know of them, or Defendant's motivation for selecting the allegedly cheaper

alternative employed. Finally, Plaintiffs set forth none of the circumstances regarding how and when Defendant knew of "smart throttle" technology, and are ambiguous when they attribute the failure to do so for "financial or *other* reasons" (to the extent Plaintiffs contend that Defendant merely "should have known" of different or better alternatives, such allegations would not support fraud but, rather, negligence). An equally probable conclusion from the allegations is that Defendant made a series of valid design and manufacturing trade-offs in their section of the brake linings at issue, and that the "smart throttle" technology was not mature enough to incorporate at the time of manufacture and/or that Defendant concluded for engineering or feasibility reasons the "smart throttle" technology was inappropriate for the model at issue. Alternatively, such allegations might fairly be read as consistent with a negligence claim in the absence of any fraud, whereby Defendant made (or failed to make) a design change without appreciating safety issues that might emerge.

Because there are reasonable alternatives from the facts alleged other than fraudulent concealment, Plaintiffs' Count IV must be dismissed. That said, such dismissal will be without prejudice and with leave to amend within forty-five (45) days to allow Plaintiffs the opportunity to address the issues outlined above by the Court.

### b.  Plaintiffs' Claim for Punitive Damages

In a products liability case under Maryland law, a plaintiff may be awarded punitive damages where the plaintiff "has established that the defendant's conduct was characterized by evil motive, intent to injure, ill will, or fraud, *i.e.*, 'actual malice.'" *Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420, 460 (1992). "[I]n order for actual malice to be found in a products liability case, regardless of whether the cause of action for compensatory damages is based on negligence or strict liability, the plaintiff must prove (1) actual knowledge of the defect

on the part of the defendant, and (2) the defendant's conscious or deliberate disregard of the foreseeable harm resulting from the defect." *Id.* at 462. "In either case, the evidence must show malicious conduct and not simply the supplying of a defective product or negligence." *Id.* at 465, 601 A.2d 633. "A defendant acts with actual malice when he engages in 'knowing and deliberate wrongdoing.'" *Id.* (quoting *Ellerin v. Fairfax Sav., F.S.B.*, 652 A.2d 1117, 1123 (Md. 1995)). A plaintiff must prove punitive damages by clear and convincing evidence, a "heightened standard." *Id.* at 469. "Clear and convincing evidence" is defined as "evidence ... of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established." *Jimenez v. DaimlerChrysler Corp.*, 269 F.3d 439, 450 (4th Cir. 2001) (internal quotation marks omitted). At the motion to dismiss stage, "a plaintiff seeking punitive damages for any tort must 'allege, in detail, facts that, if proven true, would support the conclusion that the act complained of was done with actual malice.'" *Harris v. Dow Chemical Co.*, 2020 WL 6874326 *3 (D. Md. Nov. 23, 2020) (quoting *Scott v. Jenkins*, 345 Md. 21 (1997)).

It is not enough for a plaintiff to generally allege that a manufacturer knew of a product defect and distributed the product anyway. *See, e.g., Hill v. Brush Engineered Materials, Inc.*, 383 F. Supp. 2d 814, 824-25 (D. Md. 2005) (holding that, given high degree of specificity required under Maryland law for punitive damages, generally alleging manufacturer knew or was willfully blind to a product defect and distributed anyway was insufficient to withstand motion to dismiss punitive damages without specific underlying factual allegations supporting such claim).

In the present case, to the extent Plaintiffs could meet this standard as a matter of pleading, it would be through the allegations discussed above regarding their Fraudulent Concealment claim. However, because those allegations fall short regarding General Motors' knowledge of the defect

and related actions which, as discussed, could reasonably be as consistent with merely negligent or even innocent behavior, they cannot support a reasonable inference of actual malice as required under Maryland law. Accordingly, Plaintiffs' claim for punitive damages is dismissed without prejudice, and Plaintiffs are granted leave to amend as was done with Count IV with forty-five (45) days of the date of the corresponding Order.

### c. Plaintiffs' Claim for Injunctive Relief

Defendant also seeks dismissal of Plaintiffs' claim for injunctive relief. (ECF No. 33, Ex. 1 at 10-12). In their Opposition, Plaintiffs agree to do so voluntarily. (ECF No. 34 at 12). Thus, Plaintiffs' claim for injunctive relief is dismissed as moot.

## III.    CONCLUSION

Accordingly, Defendant's Partial Motion to Dismiss is GRANTED (ECF No. 33), and Plaintiffs' claims for Fraudulent Concealment and punitive damages are DISMISSED without prejudice. Further, Plaintiffs are granted leave to amend within forty-five (45) days. Plaintiffs' claim for injunctive relief has been voluntarily withdrawn and is therefore dismissed as moot. A separate Order follows.

June 28, 2022_____                                    _____/s/_____
Date                                                             J. Mark Coulson
                                                                   United States Magistrate Judge