**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ENIL DONAIRE MENDEZ,** *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Case No. 1:22-cv-00853-JMC |
| **GENERAL MOTORS, LLC,** | * | |
| *Defendant*. | * | |
| | * | |

\* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This product liability case arises from a single-vehicle collision involving five occupants in which Plaintiffs allege unintended acceleration of a 2005 Chevrolet Silverado. (ECF No. 5). The parties report that they reached a confidential settlement agreement resolving all of Plaintiffs' claims on May 9, 2024. Currently pending before the Court is the parties' Motion to Approve Settlement for Minor Y.R. (ECF No. 99).[1] The motion is unopposed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth immediately below, the motion shall be GRANTED.

Pursuant to Maryland Rule 3-202, "a next friend who files an action for the benefit of a minor may settle the claim on behalf of the minor." If both parents of the minor are deceased, as is the case in the instant matter, the settlement must be approved by the Court. A similar provision is set forth in Maryland's Courts and Judicial Proceedings Article. Md. Code Ann. Cts. & Jud. Proc. § 6-405.

---

[1] The Court shall refer to Minor Plaintiff Y.R. by her initials, pursuant to Federal Rule of Civil Procedure 5.2.

The Court has reviewed the parties' joint motion to include their discussion of allocation, and concludes that the settlement of Minor Plaintiff Y.R.'s claims is fair and reasonable. The Court notes that this is a complex products liability case involving multiple plaintiffs and defendants. Such cases, by their nature, increase both the litigation expenses attendant to taking this matter to trial, and the uncertainty involved in forecasting a trial outcome. It is also significant that all parties are represented by experienced trial counsel, giving the Court further comfort that this was a true arms-length negotiation. Finally, the Court further observes that the minor Plaintiff's guardian has submitted formal verification that in the guardian's opinion, this settlement is in the best interest of the minor Plaintiff. Accordingly, the Motion to Approve Settlement (ECF No. 99) shall be GRANTED.

The undersigned additionally notes that the parties have also filed a Motion to Seal the Motion to Approve Settlement. (ECF No. 98). The Court may not rule upon a motion to seal until at least fourteen days after it is filed. *See* Loc. R. 105.11 ("The Court will not rule upon the motion [to seal] until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties."). However, in that motion the parties request that the current deadline for filing a stipulation of dismissal be extended by thirty days, from March 17, 2025, to April 17, 2025, so as to allow time for the Court's rulings on the pending motions and issuance of the settlement funds. This request shall also be GRANTED.

For the foregoing reasons, it is hereby ordered that:

1) The parties Motion to Approve Settlement for Minor Y.R. (ECF No. 99) is GRANTED; and

2) The deadline for filing a stipulation of dismissal is extended to April 17, 2025.

SO ORDERED.


Dated: <u>March 10, 2025</u>                                    <u>                    /s/                    </u>
                                                                J. Mark Coulson
                                                                United States Magistrate Judge