IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ENIL DONAIRE MENDEZ**, *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Case No. 1:22-cv-00853-JMC |
| **GENERAL MOTORS, LLC,** | * | |
| *Defendant*. | * | |
| | * | |

* * * * * * *

# CORRECTED MEMORANDUM OPINION AND ORDER[1]

This product liability case arises from a single-vehicle collision involving five occupants in which Plaintiffs allege unintended acceleration of a 2005 Chevrolet Silverado. (ECF No. 5). The parties report that they reached a confidential settlement agreement resolving all of Plaintiffs' claims on May 9, 2024, and intend to file a Motion to approve the settlement agreement for minor Plaintiff Y.R. Currently pending before the Court is the parties' Joint Motion to Seal Plaintiffs' Motion to Approve Settlement Agreement for Minor Y.R. (ECF No. 96). The motion is unopposed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth immediately below, the Joint Motion to Seal shall be DENIED without prejudice to the parties' refiling the motion at the appropriate time.

The parties contend that good cause exists to seal the Plaintiffs' upcoming Motion to Approve and all attachments thereto, as well as all future pleadings and proceedings, because

---

[1] The prior version of this Memorandum Opinion and Order (ECF No. 97) included the minor plaintiff's full name. Pursuant to Federal Rule of Civil Procedure 5.2, minors should be referred to only by their initials. This memorandum opinion has been corrected accordingly but no other changes have been made.

"confidentiality of the settlement amount is a material condition of the settlement." *Id.* at 2.[2] The parties further argue that sealing is necessary to protect the minor Plaintiff's privacy interests in her financial information. *Id.* at 3. While that may very well be the case, Fourth Circuit precedent clearly dictates the requisite procedure for sealing court filings. A district court may only "seal documents if the public's right of access is outweighed by competing interests," and "the 'presumption' in such cases favors public access." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1988)). Accordingly:

> Before a district court may seal any court documents…it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Id.* (first citing *Knight*, 743 F.2d at 235-36; then citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)). This procedure "*must* be followed when a district court seals judicial records or documents." *Id.* (emphasis added) (quoting *Stone*, 855 F.2d at 179-80, 182). A motion to seal must also comply with Local Rule 105.11, which provides:

> Any motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. The Court will not rule upon the motion until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials. Upon termination of the action, sealed materials will be disposed of in accordance with L.R. 113.

---

[2] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document. If documents are not electronically stamped, the Court cites instead to the numbers located at the bottom of the page.

With these principles in mind, the Court believes that an individualized determination is necessary to seal each court filing. The undersigned is reluctant to order that all filings and proceedings referring to the amount and terms of the settlement agreement be sealed without the opportunity to review the filings sought to be sealed in advance. Accordingly, the parties should submit any filings, including the Motion for Approval, under seal, and contemporaneously file a motion to seal for the Court's consideration. Future motions to seal should additionally address why less drastic alternatives to sealing, such as redacting the settlement amount, are deemed insufficient by the moving party. While this process may be more burdensome than the order proposed by the parties, it will best allow the Court to adhere to the procedures outlined in *Knight* and the Local Rules.[3]

For the reasons stated, the parties' Joint Motion to Seal Plaintiffs' Motion to Approve Settlement for Minor Y.R. (ECF No. 96) shall be DENIED without prejudice to the parties' refiling future motions to seal where appropriate.

Dated: March 10, 2025

/s/
J. Mark Coulson
United States Magistrate Judge

---

[3] The website for the United States District Court for the District of Maryland provides directions for electronically filing sealed documents at: https://www.mdd.uscourts.gov/content/sealed-civil-documents#:~:text=The%20Motion%20to%20Seal%20must,Response%20in%20Opposition%20to%20Motion.