IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ENIL DONAIRE MENDEZ,** *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Case No. 1:22-cv-00853-JMC |
| **GENERAL MOTORS, LLC,** | * | |
| *Defendant*. | * | |
| | * | |

\* \* \* \* \* \* \*

### MEMORANDUM OPINION AND ORDER GRANTING THE PARTIES' MOTION TO SEAL PLAINTIFFS' MOTION TO APPROVE SETTLEMENT

This product liability case arises from a single-vehicle collision involving five occupants in which Plaintiffs allege unintended acceleration of a 2005 Chevrolet Silverado. (ECF No. 5). On March 5, 2025, Plaintiffs filed a Motion to Approve the settlement agreement with respect to minor Plaintiff Y.R., (ECF No. 99), which was granted by this Court on March 10, 2025. (ECF No. 102). Currently pending before the Court is the parties' jointly filed Motion to Seal Plaintiffs' Motion to Approve Settlement. (ECF No. 98). The motion is unopposed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth immediately below, the motion shall be GRANTED.

The parties move to seal Plaintiffs' Motion to Approve Settlement on the basis that it contains "the amount of the confidential settlement reached between Plaintiffs and GM LLC, related calculations, and proposed distribution of the funds," and explain that the confidentiality of this information is a material condition of the settlement agreement. (ECF No. 98 at 1-2).[1] They

---

[1] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document. If documents are not electronically stamped, the Court cites instead to the numbers located at the bottom of the page.

further maintain that the motion "contains financial information affecting a minor whose parents are deceased[,]"arguing that Y.R's privacy interests in her financial information "overcome the common law right of access in granting the motions to seal" and do not implicate any public interest. *Id.* at 3 (quoting *Hogan v. Buck*, No. 4:17-cv-0017-FL, 2019 U.S. Dist. LEXIS 124831, at *4 (E.D.N.C. July 25, 2019)).

A district court may only "seal documents if the public's right of access is outweighed by competing interests," and "the 'presumption' in such cases favors public access." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1988)). Accordingly:

> Before a district court may seal any court documents…it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Id.* (first citing *Knight*, 743 F.2d at 235-36; then citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)). This procedure "must be followed when a district court seals judicial records or documents." *Id.* (quoting *Stone*, 855 F.2d at 179-80, 182). A motion to seal must also comply with Local Rule 105.11, which provides:

> Any motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. The Court will not rule upon the motion until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials. Upon termination of the action, sealed materials will be disposed of in accordance with L.R. 113.

Based on an independent review of the motion, (ECF No. 99), the Court agrees that it contains confidential and sensitive financial information involving a minor which warrants sealing. *Mears v. Atlantic Southeast Airlines, Inc.*, No. 5:12-CV-613-F, 2014 WL 5018907, at *3 (E.D.N.C. Oct. 7, 2014) ("Courts have repeatedly held that minors' privacy interests in medical and financial information, such as that reflected in the settlement agreement and settlement documentation, overcome the common law right of access in granting motions to seal.") (collecting cases). Redacting portions of the motion will not be sufficient because it generally pertains to the details, calculations, and distribution of the confidential settlement agreement to minor Plaintiff Y.R. Finally, more than fourteen days have passed since the parties' Motion to Seal was filed on the public docket on March 5, 2025, so the motion may now be ruled upon. *See* Loc. R. 105.11 (D. Md. 2023).

Accordingly, it is hereby ORDERED that the parties' jointly filed Motion to Seal Plaintiffs' Motion to Approve Settlement, (ECF No. 98), is GRANTED. The Motion to Approve Settlement, (ECF No. 99), shall remain sealed.

SO ORDERED.

Dated: March 21, 2025

/s/
_____
J. Mark Coulson
United States Magistrate Judge